

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 23, 1972

Mr. George W. McNeil
State Auditor
Sam Houston Building
Austin, Texas   78711

Dear Mr. McNeil:

Opinion No. M- 1129

Re:   Application of Section 54.051(m),
      Texas Education Code, to tuition
      charges for vocational-technical
      courses at public junior colleges
      and related questions.

        You have requested an opinion of this office regarding
specific applications of Chapter 54, Texas Education Code, to public
junior colleges.  You ask the following:

        "1.   Do the provisions of Subsection (m),
        Section 54.051 of the Texas Education Code,
        requiring twenty-five cents out of each hourly
        charge in Subsection (b) [resident students]
        and $1.50 out of each hourly charge in Sub-
        section (c) [non-resident students] of this
        Section to be placed in a scholarship fund at
        each institution apply to tuition charges for
        vocational-technical courses at Public Junior
        Colleges?

        "2.   If the answer to question number 1
        is in the affirmative, how is this to be ac-
        complished in instances where the vocational-
        technical courses are not equated in terms of
        semester credit hours?

        "3.   If the answer to question number 1
        is in the negative, may scholarships be paid
        from this scholarship fund to students taking
        some or only vocational-technical courses?

        "4.   Do the scholarship fund provisions
        of Subsection (m), Section 54.051 of the Texas
        Education Code requiring $1.50 out of each
        hourly charge in Subsection (c) of this Section

-5491-

apply at Public Junior Colleges in view of
exception found in Subsection (j), Section
54.051 of the Texas Education Code?

"5. If the answer to question number 4
is in the affirmative, does the scholarship
fund provision also apply in instances where
a Public Junior College has elected to charge
an amount of tuition that is not greater than
the amount so required by law on January 1,
1971, as is provided in Subsection (b)(4),
Section 130.003 of the Texas Education Code?

"6. If the answer to question number 4
is in the negative, may scholarships be paid
from this scholarship fund to out-of-state
students?

"7. May scholarships be paid from this
scholarship fund to students who are citizens
of any country other than the United States of
America?"

We answer your first question in the affirmative.

Section 54.051(m), Texas Education Code, provides as
follows:

"(m)   Twenty-five cents out of each hourly
charge in Subsection (b) and $1.50 out of each
hourly charge in Subsection (c) of this Section
shall be placed in a scholarship fund at each
institution to be administered by that institu-
tion to award scholarships to needy students.
Standard for determining need shall be formulated
by each institution.  No more than 10 percent of
said scholarship funds may be allocated to out-
of-state students."  (Emphasis added.)

Section 54.051(b) and (c), referred to in the foregoing,
provides for the following:

"(b)   Tuition for resident students, except
as otherwise hereinafter provided, is $4 per
semester credit hour, but the total charge shall
be not less than $50 per semester.

"(c)   Tuition for non-resident students, ex-
cept as otherwise hereinafter provided, is $40
per semester credit hour."   (Emphasis added.)

Section 54.051(b),(c), and (m), quoted above, is a
part of Chapter 54, Texas Education Code.   Chapter 54 (pertaining
to tuition and fees and scholarship funds at institutions of higher
education) provides, in Sec. 54.002:

"The provisions of this chapter apply to
all institutions of higher education, except
that as to junior colleges this chapter applies
only to the extent provided by Section 130.003(b)
of this Code."   (New) (Emphasis added.)

We find Sec. 54.051(m) to apply to public junior colleges
by virtue of the language in Sec. 130.003(b), which provides, in
part, as follows:

"Sec. 130.003.

"(a)   . . .

"(b)   To be eligible for and to receive
a proportionate share of the [state] appro-
priation, a public junior college must:

".  . .

"(4)   collect, from each full-time and
part-time student enrolled, matriculation and
other session fees in the amounts required and
provided by law for other state-supported in-
stitutions of higher education, except that
the amount charged non-residents need not be
greater than the amount so required by law on
January 1, 1971; and

"(5)   grant when properly applied for, the
scholarships and tuition exemptions provided
for in this code; and

".  . ."   (Emphasis added.)

Thus we see that scholarship funds are intended to be
provided for in junior colleges as well as for other institutions

of higher education; but, the applicable provisions of Chapter 54, Texas Education Code, implementing the funding for such scholarships, refer to the transference of a portion of tuition fees received on the basis of semester credit hours.

For scholarship purposes, the Code makes no distinction between tuition received for academic courses (normally measured by semester credit hours) and tuition received for vocational-technical courses (sometimes measured by contact hours generated).

Therefore, the pivotal question to answer in response to your first inquiry is:  "Did the Legislature intend to restrict the scholarship funds at public junior colleges by excluding that proportionate part of tuition fees received for courses that are offered in terms other than semester credit hours?"

Sec. 130.003 is explicit in its requirements that a junior college must meet in order to qualify for State appropriations. That section expressly states that a junior college must grant when properly applied for, the scholarship and tuition exemptions provided for in the Texas Education Code.  Sec. 130.003(b)(5) supra.  The mere fact that funding in Chapter 54 for such scholarships is based upon amounts received as tuition for semester credit hours is insufficient argument not to give an effect to these Code provisions in such a manner as to reach the purposes and objects intended; namely, to help qualified needy students with their financial burden of obtaining an education.

It should be noted herein that since September 1, 1969, vocational-technical courses have been funded from the State's General Revenue Fund plus certain Federal funds, all under the administration of the Texas Central Education Agency, with allocations to the respective schools following a formula developed by the State Board for Vocational Education based on the cost of each program and the number of contact hours generated.  Only institutions and programs approved by the State Board of Education or the Coordinating Board, Texas College and University System, are eligible for the distribution of such funds.  Section 31.40, Texas Education Code.

Texas laws pertaining to education were codified by the 61st Legislature into the Texas Education Code which became effective September 1, 1969.  Regarding construction of civil statutory enactments of Texas, Article 10, Vernon's Civil Statutes, provides, in part, that:

"8.  The rule of common law that statutes
in derogation thereof shall be strictly construed
shall have no application to the Revised Statutes;
but the said statutes shall constitute the law
of this State respecting the subjects to which
they relate; and the provisions thereof shall
be liberally construed with a view to effect
their objects and to promote justice."  (Emphasis
added.)

To strictly construe the term "semester credit hour" for
scholarship fund purposes would cause an unjust and absurd result
which would defeat scholarships to needy students in vocational-
technical fields.  Our courts will construe a statute to reach a
just and reasonable result if at all possible.  Cramer v. Sheppard,
140 Tex. 271, 167 S.W.2d· 147  (reh.den. 1943); Railroad Commission
v. St. Louis Southwestern Ry. Co., 443 S.W.2d 71 (Tex.Civ.App. 1969,
error ref. n.r.e.); Rogers v. First Nat. Bank of Midland, 448 S.W.2d
149 (Tex.Civ.App. 1969, error ref. n.r.e.).

The Texas Code Construction Act, effective since September
1, 1967, was enacted to provide rules to aid in the construction of
codes enacted pursuant to the state's continuing statutory revision
program and applies to all codes enacted by the 60th or a subsequent
Legislature.  The Texas Education Code is one of these Codes.  The
Code Construction Act provides that in enacting a statute, it is
presumed that a just and reasonable result is intended.  Art.
5429b-2, Sec. 3.01(3), V.C.S.  In construing a statute, a court
may consider among other matters the consequences of a particular
construction.  Art. 5429b-2, Sec. 3.03(5), V.C.S.

In view of these considerations, it is our opinion that
those portions of Chapter 54 pertaining to tuition, fees and scholar-
ships for other institutions of higher education also apply to public
junior colleges in accordance with the provisions of Sec. 130.003(b).

Your questions 2, 4, and 5, all pertaining to the applica-
tion of a portion of certain tuition fees to a scholarship fund, are
answered collectively as follows:

In consonance with the result reached in answer to your
first question, namely, that a portion of tuition fees collected
for vocational-technical courses should be set aside into a scholar-
ship fund, it is noted that mathematically the twenty-five cents for

each hourly charge for resident students (at $4 per semester credit hour) is equivalent to 1/16th of same; and, that the $1.50 for each hourly charge for non-resident students (at $40 per semester credit hour) is equivalent to 3/80ths of that charge.  A fair and equitable result would be reached regardless of the tuition amounts received by an institution for a particular type of course or by what method the institution measured the credit for a course if, from the tuition fees collected, 1/16th of that portion received from resident students and 3/80ths of that portion received from non-resident students, were set aside into the scholarship fund.

The same just and fair result would be reached by applying this method even in those instances where a junior college elected to charge only those tuition fees which were in effect on January 1, 1971, under the provisions of Sec. 130.003(b)(4) supra, by virtue of Sec. 54.051(j) which provides:

> "(j)  Tuition for nonresident students registered in a public junior college is as provided in Subsection (b), Section 130.003, of the Texas Education Code."

Accordingly, you are advised that the aforementioned scholarship fund provisions do apply to tuition fees collected for vocational-technical courses, whether they are offered on a semester credit hour basis, and the funding of same from such tuition fees collected is to be accomplished by application of the fractional figures as aforesaid.

In answer to your third question, you are advised that students taking some or only vocational-technical courses may be granted tuition scholarships if they are otherwise qualified.  The Code puts no limitation on funds to be payable only to students taking academic courses.  The law being silent in this regard, it is presumed the Legislature did not intend to make the type or types courses being taken a criterion for eligibility to the scholarship fund referred to.

Your sixth inquiry asks whether scholarships may be paid to out-of-state students.  Sec. 54.051(m) (quoted supra) provides also that "No more than 10 percent of said scholarship funds may be allocated to out-of-state students."  You are accordingly advised that by the plain language of the statute up to 10 percent of such scholarship funds may be allocated to "out-of-state" students.

Your final question asks whether students who are citizens of any country other than the United States may be paid scholarships from the funds set aside under Sec. 54.051(m).

The pertinent language in the section provides that the funds at each institution shall be administered by that institution to award scholarships to needy students, the standard for determining need to be formulated by each institution.  Other than the "need" referred to, no other restriction is placed upon the institution except that no more than 10 percent of said scholarship funds may be allocated to "out-of-state" students.  However, since the Legislature has specifically provided for special funds to be appropriated by the Legislature in the biennial appropriations act for tuition scholarships to needy resident and alien students elsewhere in the Code (Sec. 54.101) and, since Sec. 54.051(m) makes no provision for any part of tuition fees received by aliens to be set aside into the scholarship fund created by operation of said subsection, it would be unreasonable to assume the Legislature intended that such funds would be available for distribution to alien students.

In other words, the tuition scholarship fund provided for by Sec. 54.051(m) comes from tuition fees received from resident and non-resident students, not alien students.  Tuition rates for aliens is determined by Sec. 54.051(h) at the rate of $14 per semester credit hour, but subsection (m) requires none of this amount to be placed in a scholarship fund.  Therefore, no part of the scholarship fund created by Sec. 54.051(m) may be paid to students who are citizens of any country other than the United States of America. This is not to be confused with other scholarship funds made available to needy alien students under the provisions of Sec. 54.101.

### S U M M A R Y

1.  Sec. 54.051(m) of the Texas Education Code, requiring certain amounts of tuition fees to be placed in a scholarship fund, applies to tuition charges for vocational-technical courses at public junior colleges.

2.  An amount equal to 1/16th of the tuition received from resident students and 3/80ths of the tuition received from non-resident students is to be placed into the scholarship fund provided for by Sec. 54.051(m) of the Texas Education Code.

3.　Scholarships may be paid from the fund to students taking some or only vocational-technical courses at public junior colleges.

4.　An amount up to 10 percent of the fund may be paid to out-of-state students; but, no part of the fund may be paid to alien students.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Campbell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Kenneth Nordquist
Jim Swearingen
Herschel Moore
David Longoria

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant